1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

TY ALLEN MOORE,

                              Defendant.

NO:  CR-12-6023-RMP

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

        Before the Court is Defendant Ty Allen Moore's motion to dismiss the case,

ECF No. 35.  The Court has reviewed Defendant's motion, ECF No. 35, and

supporting memorandum, ECF No. 36, the Government's response, ECF No. 45,

Defendant's supplemental supporting memorandum, ECF No. 52, the

Government's supplemental response, ECF No. 56, and Defendant's reply, ECF

No. 58.  In addition, the Court heard oral argument from the parties at a pretrial

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

conference in Yakima, Washington, on June 21, 2012.[1] This order memorializes and expands on the oral ruling of the Court on August 30, 2012.

Defendant moves for dismissal of the indictment against him based on the facial arguments that Congress lacks authority under the Commerce Clause to force individuals to register pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq.*, and that he should not be prosecuted for failing to register in a state such as Washington or Oregon that has not yet implemented all of the mandates of SORNA.

### *Background*

Mr. Moore was convicted of third degree statutory rape in Cook County, Oregon, in November 2008. Among the conditions of supervised release for the conviction was a requirement that Mr. Moore register as a sex offender pursuant to Oregon law. Mr. Moore registered as a sex offender with the state of Oregon on May 12, 2009, and listed a residential address in Prineville, Cook County, Oregon. At the time of his registration, Mr. Moore acknowledged that he received written notification of his Oregon registration requirements as well as the requirement that he register under federal law.

On October 5, 2011, police responded to a call from Mr. Moore reporting that a suspicious person was attempting to enter his grandmother's residence in

---

[1] The Court reset Defendant's motion to dismiss for hearing in August to allow further briefing from the parties. *See* ECF Nos. 47 & 48.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

Pasco, Franklin County, Washington.  Police responding to the house learned from

Mr. Moore that he had mental health issues and had come to Washington by bus at

his grandmother's invitation after he had expressed to her his suicidal thoughts.

Mr. Moore's grandmother informed police that she no longer wanted Mr. Moore to

stay with her because he was acting strangely.  Mr. Moore asserted that he had

gotten stranded in Washington.

Police arrested Mr. Moore, and, on November 1, 2011, Mr. Moore was

convicted of failing to register as a sex offender under Washington State law.

Following conviction and sentencing, on November 2, 2011, Mr. Moore signed a

notice of his obligation to register, which included notice of potential federal

charges for failing to register.  The notice informed Mr. Moore of the requirement

that he register within three business days of, among other events, change of

residence status.  Mr. Moore listed his address of registration as his grandmother's

address in Pasco.

On approximately December 9, 2011, Mr. Moore's grandmother notified

Mr. Moore's Washington state probation officer that she believed Mr. Moore was

no longer staying in the trailer behind her house and that she had not seen him for

approximately two weeks.  On January 6, 2012, police in Prineville, Oregon,

encountered Mr. Moore and arrested him on a pending warrant.  Police in Franklin

County, Washington, confirmed that Mr. Moore was still registered as living at his

grandmother's address in Pasco.  According to the Government, "witness

interviews, including the resident of the house where the Defendant had been

living, revealed that the Defendant had been residing in Prineville, Oregon, for

well over a month prior to his arrest there."  ECF No. 45.

### *Analysis*

Defendant is charged with violation of 18 U.S.C. § 2250(a).  ECF No. 16.

At trial, therefore, the Government must prove the following elements to secure a

conviction: (1) that Defendant is a sex offender as defined by SORNA, and,

therefore, is required to register under SORNA, 18 U.S.C. § 2250(a)(1); (2) federal

jurisdiction exists either because Defendant was convicted as a sex offender under

federal law or because the defendant traveled in interstate or foreign commerce, 18

U.S.C. § 2250(a)(2)(A) and 2(B); and (3) Defendant knowingly failed to register or

update his sex offender registration as required, 18 U.S.C. § 2250(a)(3).

The Indictment alleges that "[d]uring a period of time beginning on or about

December 9, 2011[,] and continuing through on or about January 10, 2012," Mr.

Moore was (1) a person who was required to register under SORNA on the basis of

a conviction for "Rape in the Third Degree, in the Circuit Court of the State of

Oregon for Crook [sic] County, case number 08FE0042 on November 13, 2008,";

(2) Mr. Moore traveled in interstate commerce; and (3) Mr. Moore knowingly

failed to register.  ECF No. 16 at 1-2.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

*Implementation of SORNA in Washington and Oregon*

Mr. Moore argues that he cannot be federally prosecuted under SORNA when Washington and Oregon have not implemented the provisions of SORNA. However, the Ninth Circuit held in *United States v. George*, 625 F.3d 1124, 1130 (9th Cir. 2010), *vacated on other grounds by* 672 F.3d 1126 (9th Cir. 2012) *in accord with United States v. Valverde*, 628 F.3d 1159 (9th Cir. 2010), that registration by a sex offender under SORNA is required regardless of whether a state has implemented SORNA's administrative provisions.  The Ninth Circuit further clarified the law in *United States v. Elkins*, 683 F.3d 1039, 1046 (9th Cir. 2012):

> Although, as noted, we subsequently vacated our opinion on other grounds, *George*, 672 F.3d 1126, we continue to hold that the federal government's prosecution of an alleged violation of SORNA is not dependent on the individual state's implementation of the administrative portion of SORNA. As noted by the Sixth Circuit, the circuit courts are in accord on this issue. [*United States v*. Felts, 674 F.3d 599, 603 (6th Cir. 2012)].

Therefore, the Court denies Mr. Moore's motion to dismiss on this ground.

*Commerce Clause*

Mr. Moore also argues that SORNA is unconstitutional because it violates the Commerce Clause both by regulating inactivity and by seeking to compel an activity that is not of a commercial nature.

1    To support his arguments, Mr. Moore relies on the Supreme Court's recent

2    opinion in *National Federation of Independent Business v. Sebelius*, 132 S.Ct.

3    2566 (June 28, 2012), holding that the portion of the Patient Protection and

4    Affordable Care Act ("PPACA") requiring individuals to purchase health

5    insurance is a valid exercise of Congress's tax power.  The Ninth Circuit recently

6    recognized that "[t]here has been considerable debate about whether the statements

7    about the Commerce Clause are dicta or binding precedent." *United States v.*

8    *Henry*, ___ F.3d___, 2012 WL 3217255, *4, note 5 (9th Cir., August 9, 2012)

9    (citing David Post, *Commerce Clause "Holding v. Dictum Mess" Not So Simple,*

10   THE VOLOKH CONSPIRACY, (July 3, 2012, 8:17 AM),

11   http://www.volokh.com/2012/07/03/commerce-clause-holding-v-dictum-mess-not-

12   so-simple/).

13   For purposes of Mr. Moore's motion, the Court does not read the

14   conglomeration of the dissenting opinion of four Justices combined with the

15   concurring opinion of Chief Justice John Roberts to constitute binding precedent

16   interpreting the Commerce Clause in a manner relevant to Congressional authority

17   to regulate sex offender registrations.  Rather, the Court reads that decision

18   according to the narrowest-grounds doctrine that the Supreme Court endorsed in

19   *Marks v. United States*, 430 U.S. 188, 193 (1997) ("When a fragmented Court

20   decides a case and no single rationale explaining the result enjoys the assent of five

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

1    Justices, 'the holding of the Court may be viewed as that position taken by those

2    Members who concurred in the judgments on the narrowest grounds . . . .'")

3    (quoting *Gregg v. Georgia*, 428 U.S. 153, 169, note 15 (1976)).

4          Under the narrowest-grounds doctrine, the Court finds in *National*

5    *Federation of Independent Business* a concurring opinion by Chief Justice Roberts,

6    who also authored the majority opinion, that found that the Commerce Clause did

7    not issue the health care statute because Congress cannot regulate inactivity, *see*

8    *Nat'l Fed'n of Indep. Bus.*, 132 S.Ct. at 2587, and a joint dissenting opinion by

9    Justices Scalia, Kenney, Thomas, and Alito that agreed with Chief Justice Roberts

10   that the healthcare law's individual mandate exceeded the scope of the Commerce

11   Clause, but reasoned that the unconstitutionality arose out of regulated commerce

12   that Congress itself compelled, *see Nat Nat'l Fed'n of Indep. Bus.*, 132 S.Ct. at

13   2544 ("To be sure, *purchasing* insurance *is* 'Commerce'; but one does not regulate

14   commerce that does not exist by compelling its existence").

15         The Court, therefore, applies Ninth Circuit law repeatedly rejecting the

16   argument that SORNA is an invalid exercise of Congress's congressional power.

17   *United States v. Fernandes*, 636 F.3d 1254, 1257, note 3 (9th Cir. 2011); *United*

18   *States v. George*, 625 F.3d 1124, 1130 (9th Cir. 2010), *vacated on other grounds*

19   *by* 672 F.3d 1126 (9th Cir. 2012) *in accord with United States v. Valverde*, 628

20   F.3d 1159 (9th Cir. 2010).  The Court finds that congressional authority to enact

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

SORNA is authorized by the Commerce Clause and denies the Defendant's motion to dismiss on that ground.

Accordingly, **IT IS HEREBY ORDERED:**

    1.  Defendant's motion to dismiss, **ECF No. 35**, is **DENIED**.

The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** this 31st day of August 2012.


                    _s/ Rosanna Malouf Peterson_
                    ROSANNA MALOUF PETERSON
              Chief United States District Court Judge